STATE OF MAINE                        SUPERIOR COURT
ANDROSCOGGIN, ss.                     CIVIL ACTION
                                      DOCKET NO.  AP-07-17

IN RE NOREEN S.,
                                      DECISION AND ORDER
        Petitioner


**Before the Court**

Noreen S. appeals from a judgment entered in the District Court

(Lewiston D.C. Docket No. MH-07-81, Cote, J.) ordering her involuntary

commitment to St. Mary's Regional Medical Center. Noreen contends that the

court erred when it granted the hospital's application, maintaining that she

should have been discharged pursuant to a prior court order of the District Court

(Lewiston D.C. Docket No. MH-07-73, Kennedy, J.) and because she was not and

continued to be held involuntarily in the hospital, the court did not have

jurisdiction to hear the commitment proceeding in Docket No. 07-81.[1] She does

not challenge the sufficiency of the evidence in this appeal.

---

[1] Counsel for appellant argued in the District Court on the motion to dismiss:
"[A]lthough there has been a new blue paper that's been filed, because she was
involuntary committed on the 12th of September and never discharged, she can't
be readmitted on a new blue paper because she was never discharged." R. at 9.
Stated differently, counsel argues the hospital "can't readmit her on involuntary
status because she's been on involuntary status and she never left involuntary
status." R. at 13-14.

## Background

Noreen S. was admitted to the adult psychiatric unit of St. Mary's Regional Medical Center[2] on September 12, 2007 pursuant to an emergency involuntary hospitalization application filed pursuant to 34-B M.R.S.A. § 3863(3) and endorsed on September 13, 2007 by the District Court (McElwee, J.).[3] St. Mary's filed its application for involuntary hospitalization on September 18, 2007.[4] After the hospital filed, pursuant to 34-B M.R.S.A. § 3863(5), its application for the continuation of involuntary commitment,[5] the matter was scheduled for judicial review on October 3, 2007.

On October 2, 2007, the appellant filed a motion to dismiss on the basis that the application was not timely filed and the hearing was not timely held. Section 3863(5)(B)(2) requires that an application for involuntary commitment be filed within 3 days from the date of admission, unless the 3rd day falls on a weekend or holiday, and the application must be filed on the next business day. Section 3864(5)(A) requires the District Court hold a hearing within 14 days of the date of the application and that the District Court dismiss the application if the hearing is not held within the time specified. On October 3, 2007, at approximately 3:00 p.m., the District Court (Kennedy, J.) dismissed Docket No. MH-07-73 without prejudice on the grounds that the application was not timely

---

[2] St. Mary's Regional Medical Center is designated by the Department of Health and Human Services as a nonstate mental health institution authorized to receive for observation and treatment patients on a involuntary basis.

[3] This application is called a "blue paper" because the court form is printed on blue stock paper.

[4] Although the application is date stamped as having been received by the District Court on the 18th, the docket record reflects that the application was filed on the 17th.

[5] This application is called a "white paper" because the court form is printed on white paper stock.

filed and the hearing was not timely scheduled. R. 9-10. The District Court ordered an immediate discharge of the patient.

St. Mary's did not discharge the patient, but, almost immediately on October 3, 2007, completed a new application for emergency involuntary admission to the hospital pursuant to 34-B M.R.S.A. § 3863(1) and a physician executed a certificate pursuant to 34-B M.R.S.A. § 3863(2). At 6:35 p.m. on October 3, 2007, a justice of the peace endorsed the second application for emergency involuntary admission pursuant to 34-B M.R.S.A. § 3863(3). On October 9, 2007, the hospital, pursuant to 34-B M.R.S.A. § 3863(5), filed with the District Court its application to continue the involuntary commitment in this second proceeding.

The patient filed a motion for contempt in both proceedings, even though the earlier one had been dismissed by the District Court. In her motion, she alleged that she had never been discharged from the hospital pursuant to the order to October 3, 2007 and sough monetary damages for an illegal detention. The District Court denied[6] that motion on October 17, 2007 just before the judicial review of the second application filed in Docket No. MH-07-81. The patient then sought dismissal of the second application, again alleging that her involuntary commitment status was illegal because she had never been discharged from the hospital pursuant to the October 3, 2007 order.[7] The District Court denied that

_____

[6] The court denied this motion because the respondent had not complied with the ten-day notice requirements of M.R.Civ.P. 66. R. at 7. Further, the District Court also opined that the contempt motion should be pursued in Docket No. MH-07-73 because the dismissal order had been entered in that action.
[7] The State appears to agree that there may have been a violation of law when Noreen S. was not immediately discharged, but contends that her remedy would be a civil rights action. R. 11.

3

motion as well, ruling that the dismissal of Docket No. MH-07-81 was inappropriate because the pending involuntary commitment application was entirely independent from the initial commitment application that had been dismissed in Docket No. MH-07-73. R. 14 -15.

Following a testimonial hearing, the District Court found (1) the patient was a mentally ill person whose illness posed a likelihood of serious harm and (2) there was no less restrictive treatment alternative other than involuntary inpatient hospitalization, and ordered the patient subject to involuntary hospitalization for a period not to exceed 14 days.

## Discussion

**1.      Mootness.**

The court will not belabor this issue because the parties agree that judicial review of the involuntary commitment order of the District Court is not moot, fitting within at least one of the mootness exceptions. The court agrees that there are sufficient collateral consequences that will result from a determination so as to justify judicial relief and the issue presented by this case is of sufficient public interest to warrant judicial review in order to provide guidance to the bar and public. See *In re Walter R.*, 2004 ME 77, ¶¶ 9-10, 850 A. 2d 346.

**2.      Jurisdiction.**

The salient issue in this case is whether the Department of Health and Human Services may immediately seek the involuntary commitment of a mentally ill person whose prior commitment was dismissed without prejudice. The dismissal of the first application did not preclude St. Mary's from immediately seeking another application for involuntary commitment provided it complied fully with the statutory requirements. An application to admit a

4

person to a psychiatric hospital pursuant to an emergency procedure under 34-B M.R.S.A. § 3863 requires that an application be accompanied by an accompanying certificate of a physician certifying that the physician has examined the patient and "the patient is a mentally ill person and, because of that illness, *poses* a serious likelihood of serious harm." 34-B M.R.S.A. § 3863(1)(C)(2) (emphasis supplied). The statute defines "likelihood of serious harm" and requires recent evidence of the patient's actions or behavior. In this case there was recent evidence exhibited by the certification executed by Dr. Luke Ballenger on October 3, 2007, after the District Court dismissed the application in MH-07-73.

The statute next requires a judicial officer review the application and accompanying certification and find them to be "regular and in accordance with the law" and to promptly "endorse them and promptly send them to the admitting psychiatric hospital." 34-B M.R.S.A. § 3863(3)(A). A person may not be held against their will except if an examiner has executed the required certificate, the person "may be detained for a reasonable period of time, not to exceed 24 hours, pending endorsement by a judge or justice, if . . . the person . . . seeking the involuntary admission undertake to secure the endorsement immediately upon execution of the certificate by the examiner." 34-B M.R.S.A. § 3863(3)(B). Here, the physician executed the certification and by 6:35 p.m. on the same day, a judicial officer endorsed the application and accompanying certificate. This happened without delay and the period of detention, timed from the denial of the first application to the endorsement of the second application was reasonable and well within 24 hours limitation.

The second involuntary commitment proceeding was filed in accordance with the statute. The fact that the appellant was not discharge upon the dismissal without prejudice of the first involuntary commitment proceeding is irrelevant to the second application. The appellant's applicable remedy for an alleged illegal detention is the right of habeas corpus. 34-B M.R.S.A. § 3804. A writ of habeas corpus was not filed and was not before the District Court.

The statute provides that a person may be held against their will in a hospital for a reasonable period of time not to exceed 24 hours pending endorsement by a judge or justice immediately upon execution of the certificate by the examiner provided the statutory criteria are met. 34-B M.R.S.A. § 3863(3)(B)(2). The District Court properly found that the second application for emergency hospitalization met the statutory criteria for an involuntary commitment and determined that it had jurisdiction to entertain the second application for involuntary commitment. The District Court did not err when it reached this decision.

The entry is: Judgment of the District Court AFFIRMED.

Date: August 13, 2008

Joyce A. Wheeler, Justice

6